From Johnston.
To ascertain whether there is a sufficient consideration in this case to support an assumpsit, it is first necessary to examine whether the plaintiff was not bound to attend the court by operation of the subpoena and without any additional recompense or reward. The act of 1777, ch. 2, declares "that every witness being summoned to appear in any of the said courts in manner as hereinbefore described, shall appear accordingly, and continue to attend from term to term until discharged by the court or the party at whose *Page 143 
instance such witness shall be summoned; and in default thereof shall forfeit and pay to the person at whose instance (182) the subpoena issued the sum of £ 50, and shall be further liable to the action of such party for the full damages which may be sustained for want of such witness's testimony, who shall recover the same by scire facias, with costs." From this section the Court infers that to enforce the attendance of a witness at each and every term during the continuance of the suit, it is only necessary that the should be subpoenaed once; and if he fail and is called out, the forfeiture of £ 50 does not release the witness from an obligation to attend at the subsequent terms. And this inference the Court draws from two considerations: first, because the law declares that he shall continue to attend from term to term until discharged by the court or the party at whose instance he was summoned, and is altogether silent as to the forfeiture operating to release him; it states expressly how long he shall attend under the subpoena and how he is to be released; and, secondly, because the damages which the act gives the remedy to recover against the witness could never be obtained or enforced if, upon the first default made by the witness, calling him out upon his subpoena was to release him from further attendance. Nor until he was examined upon the trial of the cause, few instances would occur in which the plaintiff would be enabled to ascertain what the witness could have proved had he attended, and what proportion of damages he sustained on account of his nonattendance; and if he is to be discharged upon the first forfeiture, the plaintiff would be deprived of this additional remedy. But if the construction given by the Court to the act of Assembly be correct, the remedy is easy and the proof plain. Suppose a witness to be so material that on his testimony alone a particular point in the cause can be supported, and he fails to attend pursuant to the subpoena served on him: he is called out, the plaintiff compelled to suffer a nonsuit by reason of his nonattendance, or to continue the case, or, being nonsuited, (183) prays to have the nonsuit set aside and the cause reinstated, which is granted to him upon payment of all costs up to that time. At the next term the witness attends, the cause is tried, and the plaintiff recovers. Surely, the plaintiff would be entitled to recover these costs by way of damages sustained by him from the absence of the witness. But it is said that the part of the act can still be enforced by taking out a second subpoena. This would expose the plaintiff to more trouble and expense than the law intended to impose upon him; and if the Legislature had intended to expose him to this trouble and expense, *Page 144 
they would have expressed such intention; but they have expressly said the contrary by compelling the witness to attend until discharged under one subpoena. Suppose the mode of suing out other subpoenas upon the default of witnesses was adopted, and in a case where there might be twenty witnesses, each witness fails to attend for two or three terms and is called out at each court, and new subpoenas are issued, the plaintiff finally recovers: would it be just or fair to make the defendant pay for all these subpoenas? or would it be any object to the plaintiff to bring an action on the case against each witness to recover the costs of single subpoena? If not, then this additional expense is to be incurred by the plaintiff, who has obtained his judgment and who, the law intends, should recover all his costs. The Court is therefore of the opinion that this witness was under an obligation to attend the courts without any additional reward, and by virtue of his subpoena; and if so, the promise on which this suit is brought is without consideration, and must be regarded as a nudum pactum. It is a rule well settled, that an assumpsit will not lie to recover money promised for doing that which it was the party's duty to do without reward.Stotesbury v. Smith, 2 Bur., 924. Judgment must be entered for the defendant.
Cited: Fulbright v. McElroy, 32 N.C. 42.
(184)